NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SCHRAEDER, et al., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | Civil Case No. 12-6074 (FSH) |
| v. | **OPINION & ORDER** |
| DEMILEC (USA) LLC, et al., | Date: October 22, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Demilec (USA) LLC's Motion for Judgment on the Pleadings [Dkt. No. 77]. Defendant Demilec's motion is based on a single allegation: Plaintiffs have not pled and cannot show that a reasonable design alternative exists for Demilec's product. Plaintiffs respond by arguing that: (1) they are not required to plead that a reasonably feasible alternative design exists; (2) they have sufficiently pleaded facts to support a cause of action under the New Jersey Products Liability Act; and (3) they should be given the opportunity to amend their complaint should the Court find that a reasonably feasible design alternative is necessary. The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**I.    BACKGROUND**

Plaintiffs David and Lauren Schraeder filed a class action complaint on behalf of themselves and similarly situated owners and residents of real property containing defective spray polyurethane foam insulation ("SPF") manufactured by Demilec (USA) LLC ("Demilec").

The class representatives are pursuing a class action against Demilec and the distributors/installers Energy Improvement Group, LLC, and Energy Improvement Group, LLC d/b/a Foam People.

## II. LEGAL STANDARDS

Demilec has moved for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(C). Rule 12(c) states: "Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under the Federal Rules, "a defense of failure to state a claim upon which relief can be granted may . . . be made by a motion for judgment on the pleadings. In this situation, we apply the same standards as under Rule 12(b)(6)."[1] *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

---

[1] *See also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008) ("A motion for judgment on the pleadings will be granted, pursuant to Fed.R.Civ.P. 12(c), if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. The court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements." (internal citations omitted)).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

## III.  DISCUSSION

The parties dispute whether or not the New Jersey Products Liability Act requires Plaintiffs to plead that a reasonable alternative design exists for the allegedly defective product. Defendants argue that Plaintiffs have not pled and cannot show that a reasonable design alternative exists for Demilec's product. Plaintiffs respond by arguing that they are not required to plead that a reasonably feasible alternative design exists, and they have sufficiently pleaded facts to support a cause of action under the New Jersey Products Liability Act.[2]

Under New Jersey law, "[a] plaintiff must prove either that the product's risks outweighed its utility or that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm. Plaintiffs who assert that the product could have been designed more safely must prove under a risk-utility analysis the existence of an alternative

---

[2] In the alternative, Plaintiffs argue that they should be given the opportunity to amend their complaint should the Court find that a reasonably feasible design alternative is necessary.

3

design that is both practical and feasible." *Lewis v. Am. Cyanamid Co.*, 155 N.J. 544, 570-71, 715 A.2d 967, 980 (1998) (internal citations and quotation marks omitted). "The determination whether a product has been defectively designed ordinarily involves a 'risk-utility analysis,' under which a manufacturer is held liable only 'if the danger posed by the product outweighs the benefits of the way the product was designed and marketed.'" *Smith v. Keller Ladder Co.*, 275 N.J. Super. 280, 283, 645 A.2d 1269 (App. Div. 1994). There are seven factors which the New Jersey Supreme Court has identified as being relevant to a risk-utility analysis.[3] *Id*. "An evaluation of these factors may justify a conclusion that even though there is presently no alternative design which would make a product safer, the product is 'so dangerous and of such little use that under the risk-utility analysis [the] manufacturer [should] bear the cost of liability of harm to others.'" *Id*. at 283-84 (citing *O'Brien v. Muskin Corp.*, 94 N.J. 169, 184, 463 A.2d 298 (1983)). "However, a risk-utility analysis ordinarily involves the consideration of available alternatives. Therefore, unless there is some basis for a jury to find that the risks involved in a product's use outweigh its utility even though there is no reasonably feasible alternative design, a plaintiff in a design-defect case is required to show the existence of a safe and reasonably

---

[3] The seven factors are: "1. The usefulness and desirability of the product-its utility to the user and to the public as a whole. 2. The safety aspects of the product-the likelihood that it will cause injury, and the probable seriousness of the injury. 3. The availability of a substitute product [that] would meet the need and not be as unsafe. 4. The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility. 5. The user's ability to avoid danger by the exercise of care in the use of the product. 6. The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product or of the existence of suitable warnings or instructions. 7. The feasibility, on the part of the manufacturer, of spreading the loss by setting the price of the product or carrying liability insurance." *O'Brien v. Muskin Corp.*, 94 N.J. 169, 182, 463 A.2d 298 (1983).

feasible alternative to [the] defendant's product." *Id*. (internal citations and quotation marks omitted).

Under the law as outlined above, it is not required that the Plaintiffs always plead a reasonable alternative design. "A plaintiff must prove *either* that the product's risks outweighed its utility *or* that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm." *Am. Cyanamid Co.*, 155 N.J. at 570-71 (emphasis added). Moreover, an evaluation of the risk-utility factors "may justify a conclusion that *even though there is presently no alternative design* which would make a product safer." *Smith*, 275 N.J. Super. at 283-84 (emphasis added). There is no *per se* rule that Plaintiffs must, under all circumstances, provide a reasonable alternative design.[4,5] Because there is no rule that Plaintiffs *must* provide a reasonable alternative design, Demilec's Motion for Judgment on the Pleadings is denied.

## IV. CONCLUSION & ORDER

For the reasons set forth above,

**IT IS** on this 22nd day of October, 2013,

---

[4] Defendant Demilec relies on *Nelson v. Biogen Idec Inc.*, Civ No. 12-7317, 2013 WL 1700918 (D.N.J. Apr. 19, 2013) for the proposition that Plaintiffs must plead that a reasonable alternative design exists. But *Nelson* is not binding on this Court and distinguishable on its facts. *Nelson* involved a product called Tysabri, a monoclonal antibody, and the plaintiffs alleged that there were "safer design alternatives." The Court found that this statement, without any additional facts, was conclusory and failed to meet the pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In contrast, the Plaintiffs here do not allege that there is a safer alternative design for SPF. In addition, Plaintiffs do allege that there are safer alternative insulation products on the market—a fact that may be used in the risk-utility analysis. (2d Am. Compl. ¶ 66.)

[5] In any event, even if a reasonable alternative design were necessary in every case—and it is not—the Court would be inclined to grant Plaintiffs' motion to amend.

5

**ORDERED** that Defendant Demilec's Motion for Judgment on the Pleadings [Dkt. No. 77] is **DENIED**; and it is further

**ORDERED** that Plaintiffs' request for leave to amend their complaint is **DENIED** as **MOOT**.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.
