NOT FOR PUBLICATION                                                                CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
DAVID SCHRAEDER and LAUREN           :   Hon. Faith S. Hochberg, U.S.D.J.
SCHRAEDER,                           :
                                    :   Civil Case No. 12-6074 (FSH)
                 Plaintiffs,         :
                                    :   **OPINION & ORDER**
         v.                          :
                                    :   Date: April 8, 2014
DEMILEC (USA) LLC, et al.,           :
                                    :
                 Defendants.         :
_____:

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiffs David and Lauren Schraeder's letter requesting voluntary dismissal under Federal Rule of Civil Procedure 41. (Dkt. No. 101.) Defendants Demilec (USA) LLC; Energy Improvement Group, LLC; and Energy Improvement Group d/b/a Foam People oppose Plaintiffs' request for voluntary dismissal. (Dkt. Nos. 102 & 103.) The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**I.     BACKGROUND**

On September 27, 2012, Plaintiffs David and Lauren Schraeder filed a purported class action complaint on behalf of themselves and similarly situated owners and residents of real property containing defective spray polyurethane foam insulation ("SPF") manufactured by Demilec (USA) LLC ("Demilec"). Plaintiffs were pursuing a class action against Demilec and the distributors/installers Energy Improvement Group, LLC, and Energy Improvement Group,

LLC d/b/a Foam People.  Plaintiffs purported to have federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1711.

On April 4, 2014, Plaintiffs wrote to the Court seeking the Court's permission to voluntarily dismiss this action without prejudice.  Plaintiffs explained that as discovery progressed, "it became apparent that this case would not be a viable class action."  (Dkt. No. 101.)  Plaintiffs state that after Defendants deposed Mr. Schraeder, they sought consent from the Defendants to dismiss this action without prejudice, to refile in state court (carrying over all discovery), and agreed not to file any additional claims against Defendants in state court.  (*Id.*)  Defendants did not consent.  Plaintiffs argue that because this is not a viable class action under CAFA, the parties are not diverse, and there is no federal question, the Court does not have subject matter jurisdiction over this case.

In response, Demilec argues that it has actively defended this matter and that any voluntary dismissal would prejudice them by allowing Plaintiffs additional discovery, mooting Demilec's motion for summary judgment, and "extinguishing an imminent trial date."  (Dkt. No. 102.)

On February 25, 2014, Demilec filed a motion for summary judgment.  (Dkt. No. 90.)  That motion is not fully briefed.   On January 24, 2014, the Energy Improvement Defendants sought leave to join Green Energy Solutions, the contractor who installed the insulation product at Plaintiffs' home, as a third-party defendant. (Dkt. No. 86.)  On March 14, 2014, Plaintiffs filed a motion requesting leave to file a third amended complaint seeking to add Green Energy Solutions as a defendant. (Dkt. No. 93.)  On the same day, the Energy Improvement Defendants also sought leave to file a third-party complaint against Green Energy Solutions.  (Dkt. No. 92.)  Those motions are still pending.  On March 28, 2014, Demilec filed a *Daubert* motion seeking to

2

exclude certain testimony by Plaintiffs' expert. (Dkt. No. 97.) That motion is not fully briefed and is still pending. No trial date has been set for this matter, and no final pretrial conference has occurred.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a matter without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). If a party has answered or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court. *Quality Improvement Consultants, Inc. v. Williams*, 129 F. App'x 719, 722 (3d Cir. 2005) (citing *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974)). "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted). Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, *e.g.*, the expense of a second litigation, the effort and expense incurred by defendant in preparing for trial in the current case, the extent to which the case is progressing, and plaintiff's diligence in bringing the motion to dismiss. *See id*.

Here, there are several factors that weigh in favor of allowing Plaintiffs to dismiss the action without prejudice under Rule 41. First, discovery will likely need to be reopened if Green Energy Solutions is added as a new party, and logically there is scant reason why they should not be added because they are integrally involved in the matter as the installer. Second, the various

3

motions recently filed by the parties are not fully briefed, and the Court has yet to spend a significant amount of judicial resources resolving them. Third, it appears that Plaintiffs were diligent in bringing this request to dismiss as they discovered their inability to have a class in this matter in late January, after the deposition of Mr. Schraeder. They first sought consent from the Defendants to this dismissal, which explains the short time period between that discovery and the instant request.

Fourth, there has yet to be a resolution of the motions still at the briefing stage; a final pretrial conference in this matter has not occurred; and no trial date has been set. There is simply no "imminent trial date," nor any trial date.

There is also an additional consideration in this matter that weighs heavily in favor of dismissal. Dismissal at this time avoids a trial and judgment when there is a serious question as to the subject matter jurisdiction of this Court—a Court of limited jurisdiction. *See Kaufman v. Liberty Mut. Ins. Co.*, 245 F.2d 918, 919 (3d Cir. 1957) ("[I]t is a truism that the 'inferior' federal courts are courts of limited jurisdiction and have authority to act only where a statute confers it."). Now that Plaintiffs cannot and will not seek class certification, there is no "class" under CAFA. Nor is there diversity or any federal question present in this case. It would be a case by a husband and wife for alleged damage to their home by an insulation contractor and manufacturer. This raises a question as to whether the Court retains federal jurisdiction in this matter when there is no conceivable class certification under CAFA.

This question has yet to be answered by the Third Circuit, and courts are split on this issue. *See*, *e.g.*, *Robinson v. Hornell Brewing Co.*, Civ. No. 11-2183, 2012 WL 6213777, at *4 (D.N.J. Dec. 13, 2012) (noting that courts are split on this issue), *appeal dismissed* (May 2, 2013); *Rivera v. Washington Mut. Bank*, 637 F. Supp. 2d 256, 263 (D.N.J. 2009); *Karhu v. Vital*

4

*Pharm., Inc.*, Civ. No. 13-60768, 2014 WL 1274119, at *4 (S.D. Fla. Mar. 27, 2014) (discussing the split and finding that courts are divested of jurisdiction if there is a denial of class certification, citing, *inter alia*, 28 U.S.C. § 1332(d)(8)); Newberg on Class Actions § 6:18 (5th ed.); Kevin Lampone, *Class Certification As A Prerequisite for Cafa Jurisdiction*, 96 Minn. L. Rev. 1151 (2012). These considerations carry more weight in this case as it was the Plaintiffs—not Defendants—who invoked federal jurisdiction under CAFA, and Plaintiffs who seek voluntarily to dismiss their action.

Now that this matter only involves two New Jersey plaintiffs, non-diverse parties and state law claims, considerations of comity, federalism, and judicial economy weigh in favor of voluntary dismissal. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 423 (2010) ("Statutes conferring federal jurisdiction, we have repeatedly cautioned, should be read with sensitivity to 'federal-state relations' and 'wise judicial administration.'").

Weighing against these considerations is the potential expense of a second litigation and any expense incurred by the Defendants in preparing for trial in the current case. Here, those considerations are lessened because Plaintiffs have agreed to carry over any discovery into state court and have agreed not to bring any additional claims against Defendants. In addition, Plaintiffs are now bound by their representation that they will not seek class certification in this matter. Moreover, the parties' pending motions are not fully briefed, there has yet to be a final pretrial conference, and a trial date has not been set. This leaves only two individuals' claims to be resolved in any potential state court action. Because of Plaintiffs' representations about the lack of a class in this matter, the Court detects no gamesmanship from its request to dismiss without prejudice. Indeed, as explained above, there are serious questions with respect to this Court's subject matter jurisdiction now that there is no possibility of class certification.

This Court recommends that, should any state court action be filed by Plaintiffs, the state court not allow additional discovery by Plaintiffs against Defendants Demilec (USA) LLC; Energy Improvement Group, LLC; and Energy Improvement Group d/b/a Foam People.[1]  If such discovery is sought, the appropriate state court can consider cost shifting or other means to defray additional expenses of the Defendants, and require a showing that the additional discovery, if any, is caused by the involvement of new parties.  This Court also recommends that the state court permit Defendants to file a summary judgment motion in the same or substantially similar briefing form as soon as practicable.  These recommendations would further reduce any potential prejudice against Defendants from a voluntary dismissal without prejudice.  It would also reduce the costs associated with the motions for all parties.  Should Plaintiffs refile this matter in state court, this opinion does not reach the question of what costs the Defendants should recoup as a result of this voluntary dismissal, and leaves that matter to be decided by the state court, upon proper briefing as that court shall deem fit and proper.

### III.   CONCLUSION & ORDER

For the reasons set forth above,

**IT IS** on this 8th day of April, 2014,

**ORDERED** that Plaintiffs' request to voluntarily dismiss this action without prejudice (Dkt. No. 101) is **GRANTED**; and it is further

**ORDERED** that in light of the Court's ruling, the parties' pending motions (Dkt. Nos. 90, 92, 93, & 97) will be **DENIED** as **MOOT**; and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this case.

---

[1] Should Plaintiffs bring another action in state court and name additional defendants, it is possible they would be entitled to discovery with respect to the new defendants.  The Court need not and does not decide that issue as it is an issue for the state court.

**SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**